UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DUANE AARON INGHRAM d/b/a ) <br> INGHRAM RECOVERY, ) <br> ) <br>     *Plaintiff*, ) <br> v. ) <br> ) <br> UNIVERSAL INDUSTRIAL GASES, INC., ) <br> ) <br>     *Defendant*. ) | No. 1:05-cv-19 <br> *Edgar / Lee* |

## **MEMORANDUM AND ORDER**

This is a breach of contract action. The Court's diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332.

Plaintiff Duane Aaron Inghram ("Inghram") is a citizen and resident of Hamilton County, Tennessee. He is doing business as Inghram Recovery. Inghram Recovery is a sole proprietorship owned and operated by Inghram with its principal place of business in Hamilton County, Tennessee.

Defendant Universal Industrial Gases, Inc. ("UIG") is incorporated in the State of Delaware. UIG maintains its principal place of business in Easton, Pennsylvania, which is located within the geographic boundaries of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118.

Plaintiff Inghram originally brought this suit in the Chancery Court of Hamilton County, Tennessee. UIG removed the case to this Court under 28 U.S.C. §§ 1441(a) and 1446. UIG moves to transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a)

-1-

on the ground that venue is not proper in the Eastern District of Tennessee. In the alternative, UIG moves to transfer to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, and in the interests of justice. [Court Doc. No. 3]. Inghram opposes these motions.

After reviewing the record, the Court concludes that UIG's motion to transfer pursuant to 28 U.S.C. § 1406(a) is **DENIED**.

The Court **RESERVES** ruling on the alternative motion by UIG to transfer pursuant to 28 U.S.C. § 1404(a). A key factor in deciding the motion to transfer is the question whether the parties have an enforceable contract forum selection clause. Inghram contends that the payment schedule executed by the parties in October 2004 is a novation and extinguishes or replaces their purchase order contracts that contain a forum selection clause. UIG denies that the payment schedule is a novation. Inghram requests an evidentiary hearing. [Court Doc. No. 21, p. 3]. The Court will conduct an evidentiary hearing to determine the sole issue whether the payment schedule is a novation. Once the Court determines whether the October 2004 payment schedule is a novation, the Court will decide whether this case should be transferred to the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a).

**I.      Background**

Inghram entered into three contracts with UIG. The contracts were formed when Inghram accepted three purchase orders issued by UIG. Two of the purchase orders involve work to be performed by Inghram in Braddock, Pennsylvania, and one purchase order involves work to be performed by Inghram in Kansas City, Missouri.

On March 23, 2004, UIG issued purchase order P.O. No. 04-4009 for the dismantlement of an oxygen plant at the U.S. Steel Edgar Thompson Works in Braddock, Pennsylvania. On April 22, 2004, UIG issued purchase order P.O. No. 04-4013 concerning the dismantlement of an oxygen plant at Praxair's facility in Kansas City, Missouri. On August 13, 2004, UIG issued purchase order P.O. No. 04-4030 concerning work to be performed at the oxygen plant at the U.S. Steel Edgar Thompson Works in Braddock, Pennsylvania.

The purchase orders contain a forum selection clause. The purchase orders have a page or section captioned "CONDITIONS AND INSTRUCTIONS - PURCHASE ORDERS." Paragraph 13 of the conditions provides:

> Governing Law. This purchase order should be construed and enforced in accordance with the laws of Pennsylvania. Any actions, claims or suits (whether in law or equity) arising out of or relating to this order, or the alleged breach thereof, shall be brought only in courts located in Pennsylvania and Seller hereby waives its rights, if any, to bring such actions or suites [sic] in any other courts located in Pennsylvania.

When disputes arose concerning performance under the purchase orders, Inghram and UIG agreed upon a schedule of payments. The payment schedule was drafted by UIG and executed by Inghram on October 7, 2004.

Each party contends that the other is liable for breach of contract. In his complaint, Inghram claims that UIG breached the payment schedule. Inghram does not aver that UIG breached the purchase order contracts. Inghram takes the position that the payment schedule is a novation and replaces the purchase order contracts. In other words, Inghram contends that the payment schedule is a new, separate contract and it does not contain a forum selection clause. Based on his novation theory, Inghram argues that: (1) the forum selection clause in the purchase order contracts is not

applicable to Inghram's complaint which is only concerned with a breach of the payment schedule; (2) Inghram's breach of contract claim is governed by the substantive law of the State of Tennessee, not Pennsylvania law; and (3) the forum selection clause in the purchase order contracts does not provide a valid basis or reason for the Court to transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

UIG counterclaims against Inghram for breach of contract. [Court Doc. No. 2]. UIG avers that Inghram breached the terms of the contract contained in the March 23, 2004, purchase order P.O. No. 04-4009. In this purchase order contract, Inghram agreed to perform work in connection with the dismantling, removal, and shipment of an oxygen plant located at the U.S. Steel Edgar Thompson Works in Braddock, Pennsylvania. UIG counterclaims that Inghram breached this contract and the payment schedule associated with it. UIG contends that the payment schedule agreed to in October 2004 is not a separate contract and not a novation. UIG argues that the forum selection clause in the purchase order contracts should be enforced, and this case is governed by the substantive law of Pennsylvania.

Inghram requests an evidentiary hearing to determine whether the parties intended and agreed for the October 2004 payment schedule to be a novation.[1] [Court Doc. No. 21, p. 3]. This is a key issue that must be resolved before the Court can decide UIG's motion to transfer under 28 U.S.C. § 1404(a). If the payment schedule is a not novation, then the contract forum selection clause in the purchase orders may be enforceable and the breach of contract claims may be governed by

---

[1] If the Court determines that the October 2004 payment schedule is not a novation, then Inghram requests that he be permitted to file an amended complaint asserting a breach of contract claim to recover the full amount due to Inghram under the purchase order contracts.

the substantive law of Pennsylvania which are significant factors that would weigh in favor of a transfer to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

## II. Motion To Transfer Under 28 U.S.C. § 1406(a)

The motion by UIG to transfer pursuant to 28 U.S.C. § 1406(a) on the ground that venue is not proper in the Eastern District of Tennessee is without merit. 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) authorizes this Court to either dismiss or transfer a civil action only where venue is improper in this Court sitting in the Eastern District of Tennessee. *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002).

UIG argues venue is improper in the Eastern District of Tennessee under 28 U.S.C. § 1391(a). This argument fails because there is proper venue over this removed case in the Eastern District of Tennessee under 28 U.S.C. § 1441(a). The venue provision in 28 U.S.C. § 1391(a) is not applicable here. 28 U.S.C. § 1391(a) does not apply for the simple reason that UIG removed this case pursuant to 28 U.S.C. §§ 1441 and 1446. In this removed case, venue is governed solely by 28 U.S.C. § 1441(a). *Polizzi v. Cowles Magazines, Inc*., 345 U.S. 663, 665 (1953); *Kerobo*, 285 F.3d at 534-35. UIG removed this case from the Chancery Court of Hamilton County, Tennessee, to the only venue permitted by 28 U.S.C. § 1441(a), namely the United States District Court for the Eastern District of Tennessee. *Id*.

In analyzing UIG's motion to transfer under 28 U.S.C. § 1406(a), the Eastern District of Tennessee does not become an improper venue based on the contract forum selection clause

which provides that any lawsuits must be brought only in Pennsylvania courts.  Venue in this removed case is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1441(a). The contract forum selection clause does not make the  Eastern District of Tennessee an improper or "wrong" venue for purposes of applying 28 U.S.C. § 1406(a). *Blue Ash Development, Inc. v. Polan*, 74 F.3d 1240 (Table, text in 1996 WL 1828, * 1 n.1  (6th Cir. Jan. 2, 1996)); *Viron Intern. Corp. v. David Boland, Inc.*, 2002 WL 31990366, ** 8-9 (W.D. Mich. March 4, 2002).

Accordingly, to the extent that UIG moves pursuant to 28 U.S.C. § 1406(a) to transfer this case to the Eastern District of Pennsylvania on the ground that venue is not proper in the Eastern District of Tennessee, the motion is **DENIED.**

### III.     Motion To Transfer Under 28 U.S.C. § 1404(a)

Because this case involves a contract forum selection clause and the Court's diversity jurisdiction is invoked under 28 U.S.C. § 1332, the motion by UIG to transfer is governed by 28 U.S.C. § 1404(a).  *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988); *Blue Ash Development,* 1996 WL 1828 at * 1 (In diversity actions, a transfer order premised on a contract forum selection clause is governed by 28 U.S.C.§ 1404).

#### A.     Elements For Transfer

28 U.S.C.§ 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."  The Court has discretion under § 1404(a) to transfer cases on an individual basis by considering convenience and fairness. *Stewart Organization*, 487 U.S. at 29; *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Kerobo*, 285 F.3d at 537.  The purpose of § 1404(a) is to protect litigants, witnesses, and the public against unnecessary expense and

inconvenience. *Van Dusen*, 376 U.S. at 616; *Audi AG and Volkswagon of America, Inc. v. D'Amato*, 341 F. Supp.2d 734, 749 (E.D. Mich. 2004); *Forward Air, Inc. v. Dedicated Xpress Services, Inc.*, 2001 WL 34079306, * 3 (E.D. Tenn. Dec. 13, 2001).

In its discretion, the Court, may order a transfer to the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a) if all of the following elements are established: (1) venue is proper in the Eastern District of Tennessee; (2) this civil action could have originally been brought by plaintiff Inghram in the Eastern District of Pennsylvania, i.e. venue is proper in the Eastern District of Pennsylvania; and (3) the transfer is for the convenience of the parties and witnesses, and is in the interests of justice. *IFL Group, Inc. v. World Wide Flight Service, Inc.*, 306 F. Supp.2d 709, 712 (E.D. Mich. 2004); *Forward Air*, 2001 WL 34079306 at * 4; *Thomas v. Home Depot, USA*, 131 F. Supp.2d 934, 936 (E.D. Mich. 2001). With regard to the third element, movant UIG bears the burden of demonstrating by a preponderance of the evidence that "fairness and practicality strongly favor the forum to which transfer is sought." *Audi AG*, 341 F. Supp.2d at 749; *IFL Group*, 306 F. Supp.2d at 712; *Thomas*, 131 F. Supp.2d at 936; *Rowe v. Chrysler Corp.*, 520 F. Supp. 15, 16 (E.D. Mich. 1981).

The Court finds that UIG has met its burden of establishing the first and second elements necessary for a transfer to the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a). As discussed *supra*, venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1441(a) because this action has been properly removed to this Court. *Kerobo*, 285 F.3d at 534-35.

Venue also is proper in the Eastern District of Pennsylvania under the general venue statute, 28 U.S.C. § 1391(a). Plaintiff Inghram could have originally brought this breach of contract suit against UIG in the Eastern District of Pennsylvania based on diversity of jurisdiction under 28

U.S.C. § 1332. 28 U.S.C. § 1391(a) provides that a civil action wherein jurisdiction is founded only on diversity of citizenship under 28 U.S.C. § 1332 may be brought in a judicial district where any defendant resides. 28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen of the State where it has its principal place of business. UIG maintains its corporate headquarters and principal place of business in Easton, Pennsylvania. For venue purposes under 28 U.S.C. § 1391(a), UIG resides in the Eastern District of Pennsylvania.

### B. Third Element: Convenience

The parties disagree whether a transfer to the Eastern District of Pennsylvania would serve the convenience of the parties and witnesses, and would promote the interests of justice. To prevail on its motion to transfer, UIG is required to show that the Eastern District of Pennsylvania is a more convenient forum than the Eastern District of Tennessee. 28 U.S.C. § 1404(a) provides for transfer to a more convenient forum, not transfer to an equally or less convenient forum. Transfer is inappropriate if the ultimate effect would be merely to shift the burden of inconvenience from UIG to Inghram. *Van Dusen*, 376 U.S. at 645-46; *Coffee v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *Audi AG*, 341 F. Supp.2d at 751-52; *Forward Air*, 2001 WL 34079306 at * 4; *Imperial Products, Inc. v. Endura Products, Inc.*, 109 F. Supp.2d 809, 818 (S.D. Ohio 2000); *Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp.2d 816, 821-22 (S.D. Ohio 2000); *UAW v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (N.D. Ohio 1995); *Evans Tempcon, Inc. v. Index Industries, Inc.*, 778 F. Supp. 371, 377 (W.D. Mich. 1990).

While there is no definitive formula or comprehensive list of factors for determining the issue of convenience, the federal courts consider various private and public interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995). These factors include: (1) convenience of

witnesses; (2) availability of judicial process to compel the attendance of unwilling or uncooperative witnesses; (3) location of the relevant documents or records, and the relative ease of access to sources of proof; (4) residence and convenience of the parties; (5) relative financial means of the parties; (6) locus of the operative facts and events that gave rise to the dispute or lawsuit; (7) each forum's familiarity with the governing law; (8) the deference and weight accorded to the plaintiff's choice of forum; and (9) trial efficiency, fairness, and the interests of justice based on the totality of the circumstances. *Stewart Organization,* 487 U.S. at 29-30; *Cherokee Export Co. v. Chrysler International Corp.,* 1998 WL 57279, * 2 (6th Cir. Feb. 2, 1998); *Jumara*, 55 F.3d at 879-80; *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *Warner v. Fuller Rehabilitation and Consulting Services, Inc.,* 2005 WL 1490071, * 3 (E.D. Tenn. June 23, 2005); *IFL Group*, 306 F. Supp.2d at 712; *Forward Air*, 2001 WL 34079306 at * 4. The Court considers all relevant factors that may make the litigation in this case easy, less expensive, and expeditious. *Cherokee Export*, 1998 WL 57279 at ** 2-3; *Deroyal Industries, Inc. v. Hendricks Orthotic Prosthetic Enterprises, Inc.,* 2005 WL 1804528, * 5 (E.D. Tenn. July 28, 2005); *Forward Air*, 2001 WL 34079306 at * 4; *International Car Show Ass'n v. ASCAP*, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992).

Factor (7), the forum's familiarity with the governing law, is significant in the instant case. The contract forum selection clause provides that the purchase orders should be construed and enforced in accordance with the laws of Pennsylvania. The District Court for the Eastern District of Pennsylvania is vastly more familiar with the laws of Pennsylvania compared to this Court in the Eastern District of Tennessee. If the contract forum selection clause is valid and enforceable, and if this case is governed by the substantive law of Pennsylvania, then that factor weighs in favor of a transfer to the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a). On the other hand, if

the October 2004 payment schedule is a novation, and if the contract forum selection clause in the purchase order contracts is not enforceable, then that would weigh against a transfer of venue.

     **C.**     **<u>Plaintiff's Choice of Forum and Contract Forum Selection Clause</u>**

With regard to factor (8), in most cases the courts traditionally accord some deference and give substantial weight to the plaintiff's choice of forum, but it is not dispositive. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998); *Audi AG*, 341 F. Supp.2d at 749-50; *Bay County Democratic Party v. Land,* 340 F. Supp.2d 802, 809 (E.D. Mich. 2004); *Forward Air*, 2001 WL 34079306 at * 4; *Reed*, 105 F. Supp.2d at 821. Plaintiff Inghram's choice of forum is one factor to be considered, but it is not "sacrosanct" and will not defeat a well-founded motion for transfer. *Audi AG*, 341 F. Supp.2d at 750; *Thomas*, 131 F. Supp.2d at 937. This is especially true where there is a contract forum selection clause. Deference to a plaintiff's choice of forum is inappropriate where the plaintiff freely contracted to select a different judicial forum. *Jumara*, 55 F.3d at 880; *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Within this framework of a multi-factored balancing test, a contract forum selection clause is an important manifestation of the parties' intent and preference as to what is a convenient forum. *Jumara*, 55 F.3d at 880. The contract forum selection clause is "a significant factor that figures centrally in the district court's calculus" but it is not alone dispositive. *Stewart*, 497 U.S. at 29; *see also, Cherokee Export*, 1998 WL 57279 at * 2; *Jumara*, 55 F.3d at 880.

A contract forum selection clause is presumed to be *prima facie* valid. It is enforceable unless the resisting party makes a clear showing that enforcement would be unfair, unjust, or unreasonable, or that the contract forum selection clause is invalid due to fraud, duress,

or overreaching. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Security Watch, Inc. v. Sentinel Systems*, *Inc.* 176 F.3d 369, 374-75 (6th Cir. 1999); *Shell v. R.W. Sturge, Ltd.,* 55 F.3d 1227, 1229 (6th Cir. 1995); *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995); *General Electric Co. v. G. Siempelkamp GmbH & Co.,* 29 F.3d 1095, 1099 (6th Cir. 1994); *Navickas v. Aircenter, Inc.*, 2003 WL 21920947, * 1 (E.D. Tenn. May 23, 2003). Plaintiff Inghram bears the burden of making a clear showing that enforcement of the contract forum selection clause would be unjust or unreasonable, i.e. the selected judicial forum in Pennsylvania courts would be so gravely difficult and inconvenient that Inghram would for all practical purposes be deprived of his day in court. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991); *Bremen,* 407 U.S. at 18; *Shell*, 55 F.3d at 1229-30; *Navickas*, 2003 WL 21920947 at * 1. In sum, Inghram must demonstrate a good reason why he should not be bound by his contractual choice of a judicial forum in Pennsylvania. *Jumara*, 55 F.3d at 880.

To determine whether the contract forum selection clause is valid and enforceable, the Court examines and considers the following: (1) whether the forum selection clause was obtained by UIG through fraud, duress, the abuse of superior economic power, or other unconscionable means; (2) whether the designated judicial forum in Pennsylvania would be closed to this suit, or would not handle it effectively or fairly; and (3) whether a transfer to the Eastern District of Pennsylvania would be so seriously an inconvenient forum that to require Inghram to litigate his suit there against UIG would be unjust. *Security Watch,* 176 F.3d at 375 (citing Restatement (Second) of Conflict of Laws § 80 cmt. c (1988)); *Navickas*, 2003 WL 21920947 at * 1.

Plaintiff Inghram does not allege that the forum selection clause was obtained by UIG through fraud, duress, the abuse of superior economic power, or other unconscionable means. Inghram does not allege that the designated judicial forum in Pennsylvania would be closed to this suit, or that the United States District Court for the Eastern District of Pennsylvania is not capable of effectively, fairly adjudicating this suit. Inghram does not contend the the Eastern District of Pennsylvania would be so seriously an inconvenient judicial forum that to require Inghram to litigate his suit there against UIG would be manifestly unjust and deprive him of his day in court.

**D. <u>Novation</u>**

Instead, Inghram attacks the forum selection clause from a different angle. Inghram contends the forum selection clause in the purchase order contracts is not applicable and should not be enforced because the October 2004 payment schedule is a novation.[2] A novation is the substitution of a new contract for an existing one, thereby extinguishing the existing contract. *Glazer v. Lehman Bros., Inc.,* 394 F.3d 444, 460 (6th Cir. 2005); *Cumberland County Bank v. Eastman,* 2005 WL 2043518, * 4 (Tenn. App. Aug. 25, 2005); *Pacific Eastern Corp. v. Gulf Life Holding Co.,* 902 S.W.2d 946, 959 (Tenn. App. 1995); *Stokely Hospitality Enterprises v. J. S. Eledge Oil Co., Inc.,* 1994 WL 395059, * 3 (Tenn. App. Aug. 2, 1994); *Johnson City Electric Supply Co., Inc. v. Electric, Inc.,* 1986 WL 3885, * 2 (Tenn. App. April 1, 1986); *Blaylock v. Stephens*, 36

---

[2] Inghram also argues that the contract forum selection clause should not be enforced on the alternative ground that its language is ambiguous, inconsistent, and self-contradictory. [Court Doc. No. 21, p. 4]. Before reaching this question, the Court must first determine whether the payment schedule is a novation that extinguishes and replaces the purchase order contracts containing the forum selection clause. The Court reserves ruling on Inghram's argument that the contract forum selection clause is not enforceable because its language is ambiguous, inconsistent, and self-contradictory.

-12-

Tenn. App. 464, 258 S.W.2d 779 (Tenn. App. 1953); *Crabb v. Cole*, 19 Tenn. App. 201, 84 S.W.2d 597 (Tenn. App. 1935).

Under Tennessee law, the four essential elements of a novation are: (1) a previous valid contract; (2) an agreement supported by evidence of the parties' intention to work a novation; (3) the extinguishment of the previously valid contract; and (4) a new, valid contract. *Cumberland County Bank,* 2005 WL 2043518 at * 4; *Stokely Hospitality,* 1994 WL 395059 at * 3; *Johnson City Electric,* 1986 WL 3885 at * 2; *accord, Hinds v. Titan Wheel Intern., Inc.*, 45 Fed. Appx. 490, 494, 2002 WL 31001322, * 3 (6th Cir. Sept. 4, 2002).

A novation is never presumed. It must be clearly established by evidence of an express agreement or by the acts of the parties clearly showing their intention to work a novation. *Cumberland County Bank,* 2005 WL 2043518 at * 4; *Stokely Hospitality,* 1994 WL 395059 at * 3; *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 89 (Tenn. App. 1988); *Central State Bank v. Edwards*, 21 Tenn. App. 418, 111 S.W.2d 873 (Tenn. App. 1937); *Jetton v. Nichols*, 8 Tenn. App. 567 (Tenn. App. 1928); 58 Am. Jur.2d Novation § 12 (2005). A novation may be express or implied. A novation need not be proved by express words, as the evidence supporting the parties intent to agree on a novation may be implied from the facts and circumstances attending the transaction including the parties' conduct. *In re Edward M. Johnson & Assoc*., 61 B.R. 801, 806 (Bankr. E.D. Tenn. 1986); *Cumberland County Bank,* 2005 WL 2043518 at * 4; see also, 30 Williston on Contracts § 76:12 (4th ed. 2005); 58 Am. Jur.2d Novation § 12. The party asserting the novation, Inghram, bears the burden of proving it. *Rhea v. Marko Construction Co.*, 652 S.W.2d 332 (Tenn. 1983); *Johnson City Electric,* 1986 WL 3885 at * 2.

It makes no difference whether this Court follows and applies Tennessee law or Pennsylvania law to the novation question. Pennsylvania law regarding novations is entirely consistent with Tennessee law. Under Pennsylvania law, the party asserting the novation bears the burden of proving that the parties had a meeting of the minds and intended to make a novation extinguishing the earlier contract. The intention of the contracting parties to effect a novation may be proved by express written language in the latter agreement or other writings, or by oral statements, or by the parties' conduct. *GE Capital Mortgage Services, Inc. v. Pinnacle,* 897 F. Supp. 854, 864 (E.D. Pa. 1995); *First Lehigh Bank v. Haviland Grille, Inc.,* 704 A.2d 135, 138-39 (Pa. Super. Ct. 1997); *Carlos R. Leffler, Inc. v. Hutter,* 696 A.2d 157, 160 (Pa. Super. Ct. 1997); *Schmucker v. Hanna,* 547 A.2d 379, 381-82 (Pa. Super. Ct. 1988); *Daniel Adams Associates, Inc. v. Rimbach Publishing, Inc.*, 519 A.2d 997, 1004 (Pa. Super. Ct. 1987); *Buttonwood Farms, Inc. v. Carson*, 478 A.2d 484, 486-87 (Pa. Super. Ct. 1984).

Furthermore, courts in Pennsylvania hold that where several instruments are made as part of one transaction, they will be read together and each instrument will be construed with reference to the other. This is so even though the instruments may have been executed at different times and do not in terms refer to each other. This rule is applied where the later agreement is incomplete without material information and terms supplied by the earlier contract. *McCarl's, Inc. v. Beaver Falls Municipal Authority*, 847 A.2d 180, 184 (Pa. Cmwlth. Ct. 2004); *Koken v. Reliance Ins. Co.,* 846 A.2d 167, 171 (Pa. Cmnwlth. Ct. 2004); *Huegel v. Mifflin Const. Co.,* 796 A.2d 350, 354-55 (Pa. Super. Ct. 2002); *Neville v. Scott*, 127 A.2d 755, 757 (Pa. Super. Ct. 1957); *see also, Western United Life Assur. Co. v. Hayden*, 64 F.3d 833, 842 (3rd Cir. 1995); *CGU Life Ins. Co. of America v. Metropolitan Mortg. & Securities Co., Inc.*, 131 F. Supp.2d 670, 675 (E.D. Pa. 2001).

-14-

Case 1:05-cv-00019 Document 25 Filed 02/08/06 Page 14 of 16 PageID #: 14

This same rule is followed by Tennessee courts. Where several instruments are made part of the same transaction, they will be read together and each will be construed with reference to the other. *Flightless-N-Bird Farm, Inc. v. Dugham*, 1999 WL 22376, * 4 (Tenn. App. Jan. 21 1999); *Real Estate Management, Inc. v. Giles*, 293 S.W.2d 596, 599 (Tenn. App. 1956). It is well settled in Tennessee law that when construing a contract, the Court is required to ascertain the intention of the parties from the entire text of their agreement. Where an executed agreement refers to other documents and makes conditions of the other documents part of the executed agreement, all of the documents must be construed together as the contract of the parties. *Hardeman County Bank v. Stallings*, 917 S.W.2d 695, 698 (Tenn. App. 1995); *Phenix Square, Ltd. v. Wright*, 682 S.W.2d 518, 520 (Tenn. App. 1984); *Bituminous Cas. Co. v. Riverdale, Inc.*, 440 S.W.2d 801, 804 (Tenn. App. 1968); *Engbert v. Peerless Insurance Co.*, 382 S.W.2d 541, 547 (Tenn. App. 1964); *Burns v. Temperature Control Co.*, 371 S.W.2d 804, 806 (Tenn. App. 1963); *see also, Smith v. Futris,* 2001 WL 432497, * 6 (Tenn. App. April 23, 2001); *Spivey v. Metropolitan Life. Ins. Co.,* 1986 WL 5543, * 2 (Tenn. App. May 16, 1986).

In the instant case, it is necessary for the parties to present proof and oral argument on the issue whether the they intended for the October 2004 payment schedule to be a novation. The October 2004 payment schedule does not contain language expressly stating that the parties intend it to be a novation which would completely extinguish and supplant the purchase order contracts. The Court will afford Inghram an opportunity to present proof at an evidentiary hearing to show whether the parties had a meeting of the minds and mutually intended that the payment schedule be a novation based on any oral statements and/or the facts and circumstances attending the payment schedule, including the parties' conduct.

**IV.	Conclusion**

The motion by defendant UIG to transfer this civil action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a) [Court Doc. No. 3] is **DENIED**.

The Court **RESERVES** ruling on UIG's alternative motion [Court Doc. No. 3] to transfer this civil action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  Plaintiff Inghram's  request for an evidentiary hearing on the novation issue [Court Doc. No. 21, p. 3] is **GRANTED**.  An evidentiary hearing is hereby **SET** at **3:00 PM on Monday, March 20, 2006**, before the United States District Judge at the United States Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee.  On the day of the hearing, all parties should inquire at the court security front desk for the courtroom assignment for Judge Edgar's docket.

SO ORDERED.

ENTER this *8th day of February, 2006*.

>	*/s/ R. Allan Edgar*
>	R. ALLAN EDGAR
>	UNITED STATES DISTRICT JUDGE